UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

WILLIAM BLACKWELL, PAULINE BREWINGTON
and CURTIS BREWINGTON,

                         Plaintiffs,

                         -against-

THE CITY OF NEW YORK, P.O. LEANDRO PEREZ, Shield No. 23446, Individually and in his Official Capacity, and P.O.'s "JOHN DOE" #1-10, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown,

                        Defendants.

------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

      Plaintiffs WILLIAM BLACKWELL, PAULINE BREWINGTON and CURTIS BREWINGTON, by their attorneys, The Law Office of Robert W. Georges, Esq., complaining of the defendants, respectfully allege as follows:

### PRELIMINARY STATEMENT

      1.     Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

      2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

      3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff WILLIAM BLACKWELL is an African American male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7. Plaintiff PAULINE BREWINGTON is an African American female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

8. Plaintiff CURTIS BREWINGTON is an African American male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

9. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

10. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

11. At all times hereinafter mentioned, the individually named defendants P.O. LEANDRO PEREZ, and P.O.'s "JOHN DOE" #1-10 were duly sworn police officers of said

2

department and were acting under the supervision of said department and according to their official duties.

12.   At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

13.   Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

14.   Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

15.   On or about March 30, 2011 at approximately 6:00 a.m., plaintiffs WILLIAM BLACKWELL, PAULINE BREWINGTON and CURTIS BREWINGTON were lawfully present in the premises known as 1111 Ward Avenue, Apartment 4B, in the County of the Bronx in the City and State of New York.

16.   At the aforementioned time and place, defendant police officers hammered the door of plaintiffs' WILLIAM BLACKWELL, PAULINE BREWINGTON and CURTIS BREWINGTON apartment using a ram device to gain entry.

17.   Upon information and belief, the police officers did not enter pursuant to a valid search or arrest warrant.

18.   Upon information and belief, the police officers did not provide a copy of said warrant to plaintiffs upon repeated requests.

19. Upon information and belief, the police officers, if they did possess a warrant, did not enter in a manner or at a time authorized in the warrant.

20. Upon information and belief, none of the plaintiffs were listed or described as targets, subjects or suspects on any application for any warrant.

21. Defendant police officers then aggressively entered the apartment with their guns drawn and flash lights on, terrorizing plaintiffs WILLIAM BLACKWELL, PAULINE BREWINGTON and CURTIS BREWINGTON and the others in the apartment.

22. When defendant officers stormed into the apartment, plaintiffs WILLIAM BLACKWELL and PAULINE BREWINGTON were brought into the living room and they were immediately handcuffed.

23. Defendant officers repeatedly yelled at plaintiffs that they would be shot if they moved.

24. At all times plaintiffs complied with all of the defendants' commands.

25. While plaintiffs were in custody, defendant police officers searched and ransacked the entire apartment and did not uncover any controlled substances or evidence of criminal or unlawful activity.

26. Notwithstanding the lack of any evidence or contraband found on plaintiffs or within their custody or control, defendants arrested plaintiffs WILLIAM BLACKWELL, PAULINE BREWINGTON and CURTIS BREWINGTON and charged them with Criminal Possession of a Controlled Substance in the Seventh Degree and Unlawful Possession of Marijuana.

27. At no time on March 30, 2011 did plaintiffs ever possess or control any contraband, controlled substances or marijuana or behave unlawfully in any way.

28. Plaintiffs reside in the above apartment and at no time on March 30, 2011 did they observe any narcotics, contraband, marijuana or illegal substances in plain view or anywhere in said apartment.

29. At no time on March 30, 2011 did defendants possess probable cause to arrest plaintiffs.

30. At no time on March 30, 2011 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiffs.

31. As a result of their unlawful arrest, each plaintiff spent approximately thirty (30) hours in police custody before all charges were dismissed upon motion by the district attorney on December 14, 2011.

32. In connection with the plaintiffs' arrest, defendants filled out false and misleading police reports and forwarded them to the prosecutors at the New York County District Attorney's Office.

33. Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of plaintiffs' arrest.

34. Specifically, defendants falsely alleged that plaintiffs possessed narcotics and marijuana in their apartment.

35. As a result of the foregoing, plaintiffs sustained, *inter alia*, loss of liberty, mental anguish, shock, fright, apprehension, embarrassment and humiliation, and deprivation of their constitutional rights.

## FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

36. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "35" with the same force and effect as if fully set forth herein.

37. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

38. All of the aforementioned acts deprived plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

39. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

40. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

41. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
### FALSE ARREST UNDER 42 U.S.C. § 1983

42. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

6

43. As a result of the aforesaid conduct by defendants, plaintiffs were subjected to illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

44. As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, they were put in fear for their safety, and they were humiliated and subjected to handcuffing and other physical restraints, without probable cause.

### THIRD CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER U.S.C. § 1983

45. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. Defendants misrepresented and falsified evidence before the New York County District Attorney.

47. Defendants did not make a complete and full statement of facts to the District Attorney.

48. Defendants withheld exculpatory evidence from the District Attorney.

49. Defendants were directly and actively involved in the initiation of criminal proceedings and the filing of the Criminal Court complaint against plaintiffs WILLIAM BLACKWELL, PAULINE BREWINGTON and CURTIS BREWINGTON.

50. Defendants lacked probable cause to initiate criminal proceedings against plaintiffs WILLIAM BLACKWELL, PAULINE BREWINGTON and CURTIS BREWINGTON.

51. Defendants acted with malice in initiating criminal proceedings against plaintiffs WILLIAM BLACKWELL, PAULINE BREWINGTON and CURTIS BREWINGTON.

52. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiffs WILLIAM BLACKWELL, PAULINE BREWINGTON and CURTIS BREWINGTON.

53. Defendants lacked probable cause to continue criminal proceedings against plaintiffs WILLIAM BLACKWELL, PAULINE BREWINGTON and CURTIS BREWINGTON.

54. Defendants acted with malice in continuing criminal proceedings against plaintiffs WILLIAM BLACKWELL, PAULINE BREWINGTON and CURTIS BREWINGTON.

55. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

56. Specifically, defendants alleged that plaintiffs possessed narcotics and marijuana inside plaintiffs' apartment.

57. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiffs WILLIAM BLACKWELL, PAULINE BREWINGTON and CURTIS BREWINGTON's favor on or about December 14, 2011 when all charges against them were dismissed.

58. As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, and they were put in fear for their safety, were humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## FOURTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

59. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "58" as if the same were more fully set forth at length herein.

60. Defendants created false evidence against plaintiffs WILLIAM BLACKWELL, PAULINE BREWINGTON and CURTIS BREWINGTON.

61. Specifically, defendants falsely alleged that plaintiffs possessed narcotics and marijuana inside plaintiffs' apartment.

62. Defendants forwarded false evidence and false information to prosecutors in the New York County District Attorney's Office.

63. Defendants misled the prosecutors by creating false evidence against plaintiffs WILLIAM BLACKWELL, PAULINE BREWINGTON and CURTIS BREWINGTON and thereafter providing false testimony throughout the criminal proceedings.

64. In creating false evidence against plaintiffs WILLIAM BLACKWELL, PAULINE BREWINGTON and CURTIS BREWINGTON, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated plaintiffs' constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

65. As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, they were put in fear for their safety, and they were humiliated and subjected to handcuffing and other physical restraints without probable cause.

## FIFTH CLAIM FOR RELIEF
### UNLAWFUL SEARCH AND ENTRY UNDER 42 U.S.C. § 1983

66. Plaintiffs repeat, reiterate and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67. As a result of the aforesaid conduct by defendants, plaintiffs' home and possessions were illegally and improperly entered without consent, a valid warrant, probable cause, privilege or consent, in violation of their constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

68. As a result of the aforesaid conduct by the defendants, plaintiffs' home was entered illegally at a time not prescribed in the warrant, in violation of their constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

69. As a result of the aforesaid conduct by the defendants, plaintiffs' were not provided a copy of said warrant upon their request, in violation of their constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

70. As a result of the aforesaid conduct by defendants, plaintiffs' home and possessions were illegally and improperly searched without any warrant, probable cause, privilege or consent, in violation of their constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

## SIXTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

71. Plaintiffs repeat, reiterate and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

73.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to, the following unconstitutional practices:

    A.  obtaining no-knock warrants misrepresenting to judges the reliability of information received from confidential informants;

    B.  entering the premises at a time not authorized in the warrant;

    C.  arresting any and all individuals in or around a premises named in a search warrant regardless of probable cause;

    D.  refusing to present the warrant to individuals upon request; and

    E.  arresting individuals in the absence of probably cause in order to inflate the officers' arrest statistics.

74.     The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **Middleton v. City of New York**, 09 CV 4656 (plaintiff was arrested along with the occupants of the house as a result of drugs being found in a bedroom where she was not located and held for thirty (30) hours before the District Attorney declined prosecution because there was no evidence consistent with her knowledge or possession of the drugs recovered).

- **Hoover v. City of New York**, 09 CV 0088 (plaintiff was arrested along with all of the occupants of the apartment because drugs were found secreted in two bedrooms where plaintiff was not located and held for twenty four (24) hours before the District Attorney declined prosecution because there was no evidence consistent with her knowledge or possession of the drugs recovered).

- **Nunez v. City of New York**, 09 CV 8798 (plaintiffs were arrested along with all of the occupants of an apartment because a gun was found in a locked safe in the one of the occupants room and were held twenty four (24) hours before the

District Attorney declined prosecution because there was no evidence consistent with their knowledge or possession of the gun).

- **Batista v. City of New York**, 08 CV 7639 (plaintiffs were arrested along with all of the occupants of an apartment as the result of a drugs found in one of the occupants pocket and were all held twenty four (24) hours before the District Attorney declined prosecution because there was no evidence consistent with their knowledge or possession of the drugs).

- **Ramos v. City of New York**, 10 CV 1171 (plaintiff was arrested with all other individuals located in an apartment as the result of a single pill of Ciboxen recovered in the owners bedroom nightstand and were all held twenty four (24) hours before the District Attorney declined prosecution because there was no evidence consistent with their knowledge or possession of the drugs).

75. The forgoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

76. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

77. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

78. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs were unlawfully arrested and detained, and subjected to excessive force.

79. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs constitutional rights.

80. The acts complained of deprived plaintiffs of their rights:

A. Not to be deprived of liberty without due process of laws;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from malicious abuse of process;

    D. To be free from unlawful search;

    E. Not to have summary punishment imposed upon them; and

    F. To receive equal protection under the law.

81. As a result of the foregoing, plaintiffs are entitled to compensatory damages and are further entitled to punitive damages against the individual defendants.

**WHEREFORE,** plaintiffs William Blackwell, Pauline Brewington and Curtis Brewington respectfully request judgment against defendants as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       April 27, 2012

                              Respectfully submitted,

                              The Law Office of
                              Robert W. Georges, Esq.

                              By: _____
                              Robert W. Georges
                              233 Broadway, Suite 1800
                              New York, New York 10279
                              Tel (212) 710-5166
                              Fax (212) 710-5162
                              rgeorges@georgesesq.com

| | |
|---|---|
| INDEX NO. | YEAR |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WILLIAM BLACKWELL, PAULINE BREWINGTON,
CURTIS CREWINGTON

                                        Plaintiff,

                      -against-

THE CITY OF NEW YORK, P.O. LEANDRO PEREZ,
Shield No. 23446, Individually and in his Official Capacity,
and P.O.s "JOHN DOE" #1-10, Individually and
in their Official Capacities, (the name John Doe being fictitious,
as the true names are presently unknown),


                                        Defendants.

---

## SUMMONS AND COMPLAINT

---

### ROBERT W. GEORGES, ESQ.
*Attorney for* Plaintiffs
*Office and Post Office Address, Telephone*
233 Broadway – Suite 1800
New York, New York 10279
(212) 710-5166

---

Signature (Rule 130-1.1a)

_____

Print Name Beneath

To
Attorney(s) for  Defendants

---

Service of a copy of the within is hereby admitted.               Dated

_____

Attorney(s) for

---

PLEASE TAKE NOTICE

   Q     NOTICE OF ENTRY

         that the within is a (certified) true copy of a
         duly entered in the office of the clerk of the within named court on         20

   Q     NOTICE OF SETTLEMENT

         that an order                                                 of which the within is a true copy
         will be presented for settlement to the HON.               one of the judges of the
         within named Court, at
         on                         20              at

Dated,                                                                   Yours, etc.